UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SARAH JO PENDER,<br><br>               Plaintiff,<br>vs.<br><br>PETER PECKHAM, STEVE McCAULEY,<br> VANESSA TOLBERT, SHIRLEY<br> WASHINGTON, JANET O'NEAL, ED BUSS,<br> and STANLEY KNIGHT,<br><br>               Defendants. | )<br>)<br>)<br>)   No. 1:11-cv-0511-TWP-MJD<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# **E N T R Y**

This is a civil rights action brought by Sarah Pender, an Indiana state prisoner, and is before the court on Pender's motion for entry of default (Dkt. No. 9.

Pender asserts in her motion that (1) defendant Peckham was personally served with the complaint and summons on April 22, 2011, (2) defendant McCauley refused to accept service of process "for any of the remaining defendants," (3) process was served on the remaining defendants on April 25, 2011, and (4) more than 28 days have elapsed since those dates and the defendants have failed to answer or otherwise defend in this action.

The clerk is looking for whether the defendant has "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." This is the language of the Rule and reflects the recognition that without acquiring jurisdiction over the defendant, the defendants' obligation to answer the complaint was not triggered. As explained in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 351 (1999), "[u]nless a named defendant agrees to waive service, the summons continues to function as the sine qua non

directing an individual or entity to participate in a civil action or forgo procedural or substantive rights."

Pender's motion makes reference to service of process on the defendants, but the record does not show any return of service as to any of the defendants. More important, however, is that Pender's motion does not acknowledge the Order of May 23, 2011, wherein the court extended the time within which the defendants have to answer the complaint until 28 days "after this court enters its screening order pursuant to 42 [sic:28]USC § 1915A." These additional circumstances, and the Order of May 23, 2011, in particular, explain how the record does not show the defendants or any of them to be in default.

Accordingly, Pender's motion for entry of default (Dkt. No. 9) is **denied.**

**IT IS SO ORDERED.**

Date: 08/05/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Sarah Pender
#953968
Indiana's Women's Prison
2596 Girls' School Road
Indianapolis, IN 46214

David A. Arthur
INDIANA OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Wade J. Hornbacher
INDIANA ATTONREY GENERAL
wade.hornbacher@atg.in.gov